KEITH L. PIERCE ET AL., APPELLEES, v. LEONARD H. ROACH, APPELLANT.

FILED MAY 6, 1921. No. 21355.

1. **Brokers:** COMMISSIONS. A real estate broker employed to procure a purchaser for the sale of land is entitled to his commission

when he has procured a purchaser ready, able, and willing to buy on the terms proposed by the seller.

2. Evidence examined, and held sufficient to sustain the judgment.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Ernest M. Slattery,* for appellant.

*E. D. Crites* and *F. A. Crites,* contra.

DAY, J.

The plaintiffs, real estate brokers, bring this action to recover a stipulated sum from the defendant for procuring a purchaser ready, able, and willing to purchase his lands in accordance with the terms proposed by him. By stipulation of the parties a jury was waived and the trial had to the court. There was judgment in favor of the plaintiffs, from which defendant has appealed.

The written contract appointing the plaintiffs as defendant's agents to sell his land, and fixing the commission to be paid, consists of letters passing between the parties. No point is made as to the sufficiency of the contract under our statute or the amount of commission to be paid.

The record consists chiefly of a number of letters and telegrams passing between the parties, many of which have no important bearing on the question, except to show the progress of the negotiations leading up to the sale.

It appears that in September the plaintiffs submitted to the defendant a proposition made by one of its customers, to which on September 16 the defendant replied: "Will accept proposition if purchaser is ready to close now." A few days later the plaintiffs notified the defendant that the purchaser had deposited $1,000 on the contract and requested the abstract sent. Some considerable delay was caused in procuring the abstracts, and some minor changes in the terms of sale were made by mutual consent.

On October 8 the defendant wrote a letter acknowledging the receipt of a telegram bearing on the negotiations, and noted that the terms of his letter of September 25 were accepted by the purchaser. He also stated: "If the abstracts are satisfactory, and I have no doubt they will be, kindly prepare contracts in accordance with my letter of the 25th."

On October 19 the defendant wrote that he was disgusted with the delay, and stated: "I am canceling the entire transaction, so far as I am concerned, and request that you return .abstract to me." On the day this letter was written, plaintiffs wrote to the defendant that the papers would reach him in a few days, and, on the day the defendant's letter was received, the plaintiffs did send the papers and the draft, explaining, by telegram, that the delay had. been occasioned by sickness of the attorney. Defendant refused to complete the transaction.

It is urged by counsel for the defendant that the transaction was to be closed up at once, and considerable stress is laid upon the defendant's telegram accepting the proposition "if purchaser is ready to close now."

After that telegram was sent, changes were made in the proposal and the terms finally agreed upon on October 8, after which, according to the defendant's letter,. the abstracts were to be examined and proper instruments prepared.

After the terms of sale had been finally agreed upon, the parties had a reasonable time within which to examine the abstracts, prepare the necessary papers, and close the transaction. Under all of the circumstances, we are not prepared to say that the delay was unreasonable. The defendant resided in Chicago and the plaintiffs in Hemingford, in this state. In the usual course of mail the defendant's letter of October 8 would not reach the plaintiffs until October 10.

The defendant will not be permitted to arbitrarily cancel the transaction and refuse to carry it out and thus defeat the plaintiffs out of their commission. The rule is

well settled that, when land is placed in the hands of a broker to sell or find a purchaser for it, he is entitled to his commission when he has secured a purchaser ready, able, and willing to purchase upon the terms proposed by the owner.

The evidence is clear that the plaintiffs procured a purchaser satisfying the requirements of the rule above announced. The plaintiffs have fully performed their part of the contract and are entitled to the judgment.

AFFIRMED.